UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
2:09CR30

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| V. | ) | ORDER |
| | ) | |
| BILLY JOE LOSSIE, a/k/a | ) | |
| BILLY JOE LOSSIAH | ) | |
| | ) | |
| | ) | |

Pending before the Court is Defendant's Claim for Exempt Property [# 41]. The Defendant requests a hearing to address his objections to the garnishment proceedings initiated by the United States against Defendant's tribal gaming proceeds. Upon a review of the record and the parties' briefs, the Court **DENIES** Defendant's request for a hearing [# 41].

I.  Analysis

On June 18, 2010, Defendant pled guilty to one count of involuntary manslaughter. Subsequently, the District Court entered a judgment against Defendant and sentenced him to twenty-seven months imprisonment. The District Court also ordered Defendant to pay restitution in the amount of $392,064.12. The Government then initiated garnishment proceedings against Defendant's tribal gaming proceeds. Defendant filed a Claim for Exempt Property requesting a hearing and stating that a portion of his gaming proceeds are necessary to comply with a child support judgment. In addition, Defendant contends that the garnishment of the gaming proceeds is in contrast to the Court's February 14,

1

2011, Judgment, which directed Defendant to make monthly payments in the amount of $50.00.

As an initial matter, there is no dispute that the Government has complied the statutory procedures for garnishing Defendant's property. Moreover, the existence of a schedule of payment contained in the Court Judgment does not preclude the Government from pursuing the garnishment of Defendant's gaming proceeds. United States v. James, 312 F. Supp. 2d 802, 806-07 (E.D. Va. 2004) ("Court-imposed payment schedules are merely one means available to enforce a restitution judgment."); United States v. Otter, No. 2:09cr25, 2011 WL 1843191, at * 1 (W.D.N.C. May 16, 2011) (Reidinger, J.); United States v. Picklesimer, No. 3:00cr8, 2010 WL 2572850, at *2 (W.D.N.C. Jun. 24, 2010) (Whitney, J.).

The only applicable exemption in this case is the exemption for any judgment for support of a minor. The Government, however, does not dispute that it may not garnish the amount that Defendant owes for court ordered child support. As 28 U.S.C. § 3205(c)(8) makes clear, "Judicial orders and garnishments for the support of a person shall have priority over a writ of garnishment issued under this section." Accordingly, the Court **DIRECTS** the Government to submit an amended garnishment order within ten (10) days of the entry of this Order to account for the priority of any valid child support order. Such order should reduce the funds garnished from the gaming proceeds in order to account for Defendant's child support obligations. At the expiration of such child support obligations, the Government is entitled to resume the full garnishment

amount.

**II.     Conclusion**

The Court **DENIES** Defendant's request for a hearing [# 41]. The Court **DIRECTS** the Government to submit an amended garnishment order within ten (10) days of the entry of this Order to account for the priority of any valid child support order. Such order should reduce the funds garnished from the gaming proceeds in order to account for Defendant's child support obligations. At the expiration of such child support obligations, the Government is entitled to resume the full garnishment amount.

Signed: February 14, 2012

Dennis L. Howell
United States Magistrate Judge